2013 ND 84

In the Matter of the Application for DISCIPLINARY ACTION AGAINST Constance L. TRIPLETT, a Member of the Bar of the State of North Dakota

Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner

v.

Constance L. Triplett, Respondent.

No. 20130005.

Supreme Court of North Dakota.

May 23, 2013.

PER CURIAM.

[¶ 1] The Court has before it the findings, conclusions, and recommendation of a Hearing Panel recommending Constance L. Triplett be reprimanded for violation of N.D.R. Prof. Conduct 1.3, 1.4(a)(3), 1.4(a)(4), and 1.16(e); return the $500 plus interest from September 28, 2002, to the client; and pay the costs of the disciplinary proceeding in the amount of $2,971.64.

We accept the findings, conclusions, and recommendation of the Hearing Panel.

[¶ 2] Triplett was admitted to the Bar of the State of North Dakota on May 7, 1981. Triplett was served a Summons and Petition for Discipline on April 25, 2011. She filed a response to the Petition dated May 11, 2011. The Petition alleged that Triplett violated N.D.R. Prof. Conduct 1.3, 1.4(a)(3), 1.4(a)(4), 1.5(a), 1.5(b), and 1.16(e) in the course of representing a client on post-divorce matters.

[¶ 3] The matter was submitted to a Hearing Panel of the Disciplinary Board, and a hearing was held on October 10, 2012. On January 7, 2013, the Hearing Panel filed its findings, conclusions, and recommendation with this Court.

[¶ 4] The Hearing Panel made the following findings. In September 2002, Triplett was retained by a client in post-divorce matters for $500. Little work was required to resolve the dispute pending at that time, and Triplett asked if the client wanted the unused portion of the retainer returned. The client requested Triplett keep the money and be on retainer, because she believed she would need Triplett's services again in the future. Triplett did not provide a billing or accounting of the fee earned or amount of unused retainer.

[¶ 5] In December 2007, the client requested assistance from Triplett related to her ex-husband not paying his share of out-of-pocket medical/dental expenses for their daughter. Triplett asked the client to send her the information on the unpaid bills and said she would send a letter to the ex-husband informing him that he still needed to pay his portion of out-of-pocket expenses. Triplett did not send the letter.

[¶ 6] During 2009, the client attempted to contact Triplett. On August 11, 2009, the client filed a complaint with the Disciplinary Board regarding Triplett's inaction. Eventually, the client forwarded information on the unpaid medical/dental expenses to her ex-husband, which resulted in him sending a partial payment to Triplett. Triplett forwarded the payment to the client. On May 8, 2010, the client wrote to Triplett explaining that the issue with her ex-husband had been resolved and asking Triplett to return her retainer. The client did not receive a response from Triplett, and she sent another letter by certified mail on July 5, 2010. Triplett did not respond to the client's May 8, 2010, or July 5, 2010, letters. The only written response that the client received relating to the matter was a copy of Triplett's November 23, 2009, response to the client's disciplinary complaint. In the response to the disciplinary complaint, Triplett said that she would return the unearned portion of the retainer.

[¶ 7] At the hearing, Triplett testified she did not receive the client's May 8, 2010, letter. Triplett stated she retained the entire retainer in her trust account and she did not charge the client for the legal services she did provide. Triplett testified she has suffered from depression since childhood. Her medical records reflect she has been prescribed anti-depressants at various times since September 2007, as well as medication for a sleep disorder. Her medical records also show Triplett has received psychological counseling over much of the last five years and it appears that her condition has improved and stabilized.

[¶ 8] At some point in 2007, Triplett testified she had difficulty staffing her office and she felt she was having difficulty focusing on her work, so she decided not to take any additional clients and to start decreasing her practice. In 2009, Triplett attended an advanced degree program in Oregon, returning to North Dakota in late

May 2010. She did not provide the client with contact information during that time, but she asked her landlord to forward her mail. Triplett testified that, in her opinion, the client was affected by her personal issues during the time frame of 2007 to 2010.

[¶ 9] Based on the testimony, the Hearing Panel found that there appears to have been little or no injury or harm to the client, except for delay. Triplett testified she did not always act with reasonable diligence and promptness in representing the client.

[¶ 10] The Hearing Panel concluded Triplett violated N.D.R. Prof. Conduct 1.3, Diligence, which provides that a lawyer shall act with reasonable diligence and promptness in representing a client, because Triplett did not diligently pursue the collection of money owed by the client's ex-husband; N.D.R. Prof. Conduct 1.4(a)(3) and 1.4(a)(4), Communication, which provide that a lawyer shall make reasonable efforts to keep the client reasonably informed about the status of a matter and promptly comply with the client's reasonable requests for information, because Triplett did not take steps to keep the client informed of how to contact her or to communicate what, if anything, she had done or was doing in the representation; and and N.D.R. Prof. Conduct 1.16(e), Declining or Terminating Representation, which provides upon termination of representation, a lawyer shall refund any advance payment of fee or expense that has not been earned or incurred, because Triplett failed to keep the client adequately informed of the status and of how the client could contact her in 2010 so Triplett could respond to the client's request for the return of the retainer.

[¶ 11] The Hearing Panel concluded Triplett did not violate N.D.R. Prof. Conduct 1.5(a), Fees, which provides a lawyer shall not charge, or collect an unreasonable fee, because Triplett received a reasonable retainer of $500, retained that amount at the request of and with the consent of the client, and over the course of several years, took steps in the representation of the client. Although Triplett provided services to the client which had benefit to the client, Triplett maintained the entire retainer in her trust account and is ready to refund the entire retainer. The Hearing Panel made no findings as to the alleged violation of N.D.R. Prof. Conduct 1.5(b).

[¶ 12] The Hearing Panel considered the aggravating factor of prior disciplinary offenses under N.D. Stds. Imposing Lawyer Sanctions 9.22(a). In 2008, Triplett was reprimanded by a Hearing Panel of the Disciplinary Board of the Supreme Court of North Dakota for violation of N.D.R. Prof. Conduct 1.5(d), N.D.R. Prof. Conduct 8.1 and N.D.R. Lawyer Discipl. 1.2A(8) through violation of N.D.R. Lawyer Discipl. 3.1D(3). The Hearing Panel found that the allegations and actions in this complaint occurred over the same time frame as the actions resulting in the prior discipline and appear to be related to the same underlying medical, emotional, and psychological conditions.

[¶ 13] The Hearing Panel considered the following North Dakota Standards for Imposing Lawyer Sanctions in determining the appropriate discipline to which Triplett should be subject:

1. N.D. Stds. Imposing Lawyer Sanctions 4.42, which provides suspension is generally appropriate when (a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client, or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client;

2. N.D. Stds. Imposing Lawyer Sanctions 4.43, which provides reprimand is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client;

3. N.D. Stds. Imposing Lawyer Sanctions 4.12, which provides suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client.

4. N.D. Stds. Imposing Lawyer Sanctions 4.13, which provides reprimand is generally appropriate when a lawyer is negligent in dealing with client property and causes injury or potential injury to a client;

5. N.D. Stds. Imposing Lawyer Sanctions 8.2 which provides suspension is generally appropriate when a lawyer has been reprimanded for the same or similar misconduct and engages in further similar acts of misconduct that cause injury or potential injury to a client, the public, the legal system, or the profession;

6. N.D. Stds. Imposing Lawyer Sanctions 9.22(a), prior disciplinary offenses;

7. N.D. Stds. Imposing Lawyer Sanctions 9.22(I), substantial experience in the practice of law;

8. N.D. Stds. Imposing Lawyer Sanctions 9.32(c), personal or emotional problems; and

9. N.D. Stds. Imposing Lawyer Sanctions 9.32(1), remorse.

[¶ 14] The Hearing Panel recommended Triplett be reprimanded; return the $500 retainer plus interest at the legal rate from September 28, 2002, to the client; and pay the costs of the disciplinary proceeding in the amount of $2,971.64.

[¶ 15] This matter was referred to the Supreme Court under N.D.R. Lawyer Discipl. 3.1(F). Objections to the findings, conclusions, and recommendation were due within 20 days of service of the report. No objections were received, and the matter was submitted to the Court for consideration.

[¶ 16] ORDERED, that the findings, conclusions, and recommendation of the Hearing Panel are accepted, and Constance L. Triplett is REPRIMANDED.

[¶ 17] IT IS FURTHER ORDERED, that Triplett pay to the client $500, plus interest at the rate provided for judgments from September 28, 2002, within sixty days of entry of the judgment in this matter.

[¶ 18] IT IS FURTHER ORDERED, that Triplett pay the costs of the disciplinary proceeding in the amount of $2,971.64 within sixty days of entry of the judgment in this matter, payable to the Secretary of the Disciplinary Board, 600 E. Boulevard Avenue, Bismarck, North Dakota 58505–0530.

[¶ 19] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, CAROL RONNING KAPSNER, MARY MUEHLEN MARING and DANIEL J. CROTHERS, JJ., concur.